UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20298-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BAKTASH FATTAHI,              **REPORT AND RECOMMENDATION**

    Defendant.
_____/

On or about June 29, 2010, court-appointed defense counsel Roy J. Kahn ("Counsel") submitted a voucher application numbered FLS 09 2141 with appended time sheets requesting $29,974.64 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted detailed time sheets and a pleading entitled Motion in Support of Payment Exceeding the CJA Cap (the "Motion") in support of his voucher application. Although Defendant was initially represented by other counsel in this case, Counsel represented Defendant Baktash Fattahi ("Defendant") for one (1) year from his appointment on July 13, 2009 until July 22, 2010.

Counsel seeks $30,012.66 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia Seitz entered an Order of Reference **[DE # 115]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. Id.

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, Counsel was not Defendant's original lawyer. Defendant was originally represented by the Office of the Federal Public Defender. Counsel was appointed replacement counsel after the Office of the Federal Public Defender withdrew three months after Counsel was arrested.

As replacement counsel, Counsel was required to learn everything about this case very quickly. Counsel had to review all of the pleadings and the entire record of what had occurred in the case prior to his appearance. The procedural posture of this case required Counsel to expend more time, in a short time frame, than was required in the typical case.

Second, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced when the grand jury returned an indictment naming eleven (11) defendants on April 2, 2009. The grand jury later returned a Superseding Indictment which named two (two) additional defendants. This brought the total number of defendants to thirteen (13).

The Superseding Indictment **[DE # 36]** contained eighteen (18) counts. Defendant was named in Counts I, II and XIII. In Count I, Defendant was charged with conspiracy to violate the International Emergency Economic Powers Act and the Arms Export Control Act.

In Count II, Defendant was charged with a substantive violation of the International Emergency Economic Powers Act and in Count XIII, Defendant was charged with a violation of the Arms Export Control Act. Defendant faced a separate maximum term of twenty (20) years imprisonment for Count I and Count II and ten (10) years imprisonment for Count XIII.

According to Counsel, this case involved complex and novel issues of law and fact regarding whether Defendant "knowingly and willfully violat[ed] the Iran Embargo by exporting and causing to be exported dual use and military aircraft parts without having obtained the required authorizations and licenses." (Motion at 1). Given the serious nature of the charges against Defendant, Counsel incurred a significant amount of time performing legal research. With respect to the legal research performed, Counsel "prepared and filed a motion to dismiss which dealt with unique and complicated issues." (Motion at 3).

Third, the discovery in this matter was voluminous. "Since undertaking the representation of Mr. Fattahi, [C]ounsel . . . reviewed thousands of pages of documents and other discovery materials related to the exporting of 100 dual use and/or military aircraft parts." (Motion at 2). Counsel further explained that "[f]rom the beginning of undersigned [C]ounsel's representation, Mr. Fattahi insisted that this matter proceed to trial . . . . Furthermore, in an effort to properly prepare this matter for trial, undersigned counsel had to review and become familiar with a related case involving potential cooperating witnesses (*U.S. of America v. Hassan Saied Keshari and Traian Bujduveanu*, case number 08-20612-CR-Seitz)." (Motion at 2). The sheer volume of documents involved in this thirteen (13) defendant case which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Fourth, the representation of Defendant required Counsel to make a number of court appearances. Plaintiff represented Defendant at an arraignment (9/15/09), two status conferences (12/15/09 and 3/2/10) and a pretrial conference (3/5/10). Defendant pled guilty to Count I of the Indictment. **[See DE # 93]**. Thereafter, Counsel represented Defendant at a change of plea hearing (3/10/10) and at sentencing (7/20/10). Defendant was sentenced to thirty-five (35) months imprisonment. **[See DE # 111]**.

Counsel also engaged in extensive motion practice filing the following motions: Motion to Approve Investigative Costs **[DE # 44]**, Defendant's Ex-Parte Motion for Authorization to Travel to Dubai, United Arab Emirates (UAE) **[DE # 60]**, Defendant's Supplemental Ex-Parte Motion For Authorization to Travel **[DE # 62]**, Motion For Additional Investigative Costs **[DE # 67]**, Motion in Limine to Preclude the Use of Alleged 404(B) Evidence **[DE # 76]**, Motion to Dismiss Indictment **[DE # 91]** and Defendant's Unopposed Motion to Seal Court Document **[DE # 102]**. Based upon my review of the docket, it is clear that the representation Counsel provided - including attending many hearings and filing numerous motions on behalf of Defendant - consumed more of Counsel's time and effort than is normally required in the average case.

Fifth, this case also required significant international travel. As this was an international arms case, Counsel traveled abroad in order to meet with witnesses from around the world. Counsel explained that the "Court approved a trip to Dubai. During his stay in Dubai, undersigned counsel and his investigator interviewed potential defense witnesses and attempted to interview Government witnesses." (Motion at 2). Counsel further explained that he interviewed numerous witnesses from the Middle East and Europe

during this trip.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 9.5 in-court hours totaling $1,162.00.

The CJA administrator also reviewed the 227.1 out-of-court hours sought by Counsel. Counsel sought compensation for 68.1 hours for "Interviews and conferences" and 46 hours for "Obtaining and reviewing records." Counsel also sought compensation for 32.6 hours for "Legal research and brief writing" and 44 hours of "Travel time." Counsel listed 36.4 hours for "Investigative and Other work." The CJA administrator made no changes to either the total number of out-of-court hours or the amount sought for out-of-court hours listed in the voucher.

Counsel also sought $1,355.66 in "Travel Expenses". The CJA administrator slightly reduced the total amount of expenses and reallocated the expenses between the two expense categories: $910.10 in "Travel Expenses" and $407.45 in "Other Expenses."

### In-Court Hours[1]

Counsel sought compensation for 9.5 in-court hours totaling $1,162.00. The CJA administrator made no changes to either the total number of in-court hours or the total amount sought for this time. I approve $1,162.00 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 227.1 out-of-court hours. The CJA administrator reviewed the voucher and made no changes to the number of out-of-court hours or the total amount claimed by Counsel.

Although the vast majority of Counsel's time entries are appropriate, Counsel included a few entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. It was necessary to contact Counsel for an explanation of the troublesome entries. Counsel sufficiently explained each and every of the vague entries, providing the undersigned with sufficient information to determine that each entry was indeed compensable under the CJA. Consequently, I conclude that the out-of-court hours listed in the voucher application are appropriate. Accordingly, I recommend that Counsel should be paid $27,495.00 for his out-of-court hours.

### Expenses

Counsel sought $1,355.61 in "Travel Expenses." The CJA administrator reduced this amount slightly and reallocated the Expenses as follows: $910.19 for "Travel Expenses" and $407.45 for "Other Expenses." I hereby approve the CJA administrator's adjustment and

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

both amounts.

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $29,974.64 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this 25 day of October, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Roy J. Kahn, Esq.
Lucy Lara, CJA administrator